UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUNWOODIE A. MCDUFFIE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-6733** |
| **HILLSTONE RESTAURANT GROUP, INC, ET AL.** | **SECTION "L" (5)** |

**ORDER & REASONS**

Before the Court is Defendant's Motion for Summary Judgment. R. Doc. 38. Plaintiff opposes the motion. R. Doc. 50. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I.     **BACKGROUND**

This case involves a claim for injuries sustained as a result of a slip-and-fall at a Houston's Restaurant. On May 27, 2015, Plaintiff Dunwoodie McDuffie, Jr. was eating dinner at a Houston's Restaurant in New Orleans, Louisiana. R. Doc. 1-1 at 1. While walking to the restroom he fell, allegedly because of a "dimly-lit step" in the hallway to the restroom. R. Doc. 1-1 at 1. Plaintiffs allege this condition constituted a hazard and presented an unreasonable risk of harm, which caused Plaintiff's alleged injuries. R. Doc. 1-1 at 1. Initially, Plaintiffs filed suit against Hillstone Restaurant Group, which operated the Houston's Restaurant, Travelers Indemnity Company, the liability insurer, and Carmon Carrillo, the manager at Houston's at the time of the alleged accident. R. Doc. 1-1 at 2. Plaintiffs have since dismissed their claims against Ms. Carrillo. R. Doc. 7.

According to Plaintiffs, Mr. McDuffie sustained injuries to his ankle, shoulder, neck, back, and head as a result of the fall. R. Doc. 1-1 at 2. Plaintiffs seek general and special damages,

including medical expenses, lost wages, and lost earning capacity. Additionally, Cheryl McDuffie seeks recovery for damages resulting from loss of companionship and consortium. R. Doc. 1-1 at 3. Defendants timely removed the case to the Eastern District of Louisiana on May 20, 2016. R. Doc. 1. They allege the Court has jurisdiction under 28 U.S.C. § 1332. R. Doc. 1 at 2.

## II.  PRESENT MOTION

### A. Defendant's Motion for Summary Judgment (R. Doc. 38)

Defendants Hillstone Restaurant Group, Inc. ("Hillstone") and its liability insurer, Travelers Indemnity Company of Connecticut, argue that because there is no evidence of the alleged defect or of Defendants' knowledge of such a defect, Defendants are entitled to judgment as a matter of law. R. Doc. 38-3 at 1. Defendant argues that there is no competent testimony showing any defect with the steps or lighting of the steps. R. Doc. 38-3 at 2. Further, Defendant argues that there is nothing showing that employees of Hillstone were aware of any problems with the lighting and that no prior incidents on the stairs had been reported. R. Doc. 38-3 at 4.

### B. Plaintiff's Response (R. Doc. 50)

Plaintiff responds arguing that there are facts in dispute precluding summary judgment. R. Doc. 50 at 2. Plaintiff argues that the issue in this case is not whether the steps were a defect, but whether the steps created an unreasonable risk of harm. R. Doc. 50 at 2-3. Plaintiff argues that this is a question for the finder of fact and cannot be resolved on summary judgment. R. Doc. 50 at 3.

## III.  Legal Standard

### A. Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### B. Louisiana Law of Premises Liability

Until 1996, the Louisiana Civil Code imposed a form of strict liability upon the owners of things and buildings. Article 2317 provides that, "[w]e are responsible, not only for the damage

occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." In 1996, the Louisiana legislature enacted article 2317.1 which altered the strict liability landscape in Louisiana by injecting a fault element into the analysis of liability. After this amendment, a plaintiff proceeding on a theory of premises liability under article 2317.1 must prove that: "(1) the thing which caused damages was in the control or custody of the defendant; (2) the thing had a defect that created an unreasonable risk of harm; (3) the injuries were caused by the defect; and (4) the defendant had actual or constructive knowledge of the defect." *Nelson v. Louisiana Stadium and Exposition Dist.*, 832 So.2d 1043, 1047 (La. App. 4 Cir. 2007).

### C. Burden of Proof in Claims Against Merchants (La. R.S. § 2800.6)

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. § 9:2800.6. "In a negligence claim brought against a merchant ... for damages as a result of an injury ... sustained because of a fall," the plaintiff must prove, in addition to elements of negligence, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

### IV. Discussion

Here, the parties dispute whether there was a defect in the lighting of the stairs, causing an unreasonable risk, as well as whether the Defendant was aware of the alleged defect or

unreasonable risk. Central to this dispute is how much light was directed at the staircase at the time of Plaintiff's accident. Defendant states that there is no evidence that the stairs were inadequately illuminated. Plaintiff claims that the stairs were an unreasonable risk because of poor lighting. Having reviewed the relevant documents, including photographs of the accident site and deposition testimony, the Court finds that this issue is a disputed material fact.

V.     **Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE